# *UNITED STATES DISTRICT COURT*
## *NORTHERN DISTRICT OF NEW YORK*

## JUDGMENT IN A CIVIL CASE

**Deutsche Bank National Trust Company**
Plaintiff

vs. **CASE NUMBER: 1:25-cv-1002 (GTS/PJE)**

**Alicia Dinovo, a/k/a Alicia M. Dinovo, a/k/a Alicia Marie Dinovo; Michael Dinovo, a/k/a Michael J. Dinovo, a/k/a Michael J. Dinovo, Sr.; William J. Cade; State of New York; St. Peters Healthcare Services; New York State Department of Taxation and Finance; The People of the State of New York; and John Doe #1 Through John Doe #12,** ***the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint***

Defendants

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Plaintiff's motion for default judgment (Dkt. No. 15) is GRANTED; and it is further ORDERED that Plaintiff has established its entitlement to a default judgment against Defendants in the following amounts: (1) $191,975.51 as to the amount due on the note and mortgage; (2) $6,800.00 in attorney's fees; and (3) $3,180.50 in costs and disbursements; and it is further

ORDERED, AJUDGED and DECREED that the mortgaged premises described in the Complaint (located at 6 Bauer Drive, Colonie, New York 12205, Section 41.16, Block 3, Lot 15 in the County of Albany, State of New York) and described in Schedule "A" annexed thereto be sold pursuant to this Judgment, together with all right, title and interest of the owner thereof, if any, in and to the land, lying in the streets and road in front of the adjoining said premises, to the center line thereof, and together with all fixtures and articles of personal property annexed to, installed in or used in connection with the mortgaged premises as more fully set forth in the aforementioned mortgage to be sold in one parcel subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force, existing violations and order of the appropriate departments of any City, Town, or Village, if any; and the physical condition of the premises at the time of closing and with any apportionments or adjustments. Such sale shall be at public auction to be held at the Albany County Courthouse located at 16 Eagle Street, Albany, New York 12207, in the Rotunda basement level, by and under the direction of Sarah Elena Gold, Esq., 125 Wolf Road, STE 215, Albany, New York 12205, (518) 213-2345, who is hereby designated as the Referee

herein to sell the mortgaged premises in accordance with that purpose, and who shall give public notice of the time and place of such sale in accordance with RPAPL § 231 in the Times Union; and it is further

ORDERED, ADJUDGED and DECREED that the Plaintiff or any other party or parties to this action may become a purchaser at such sale, and that if Plaintiff becomes such purchaser, no deposit shall be required. Said Referee shall execute to the purchaser or purchasers on such sale a deed or deeds of the premises sold. All deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser. Said Referee, on receiving the proceeds of the sale, shall forthwith deposit the same in the name of the Referee, as Referee, in an IOLA account with an FDIC-insured bank and provide counsel for Plaintiff with the name and location of said bank, and the Referee shall thereafter make the following payments therefrom and the Referee's checks drawn for such purpose shall be paid by such depository, to wit:

FIRST, the Referee shall pay a sum not to exceed $750.00, the amount allowed by N.Y. C.P.L.R. § 8003 to the Referee as the Referee's fee herein;

SECOND, the Referee shall pay advertising expenses and the expenses of said sale as shown on the bills presented and certified by the Referee to be correct;

THIRD, the Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expended for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the Plaintiff, if paid by it, any of the aforementioned sums. The Referee shall also pay to Plaintiff's attorney the sum of $6,800.00 for reasonable attorney's fees incurred to protect or enforce Plaintiff's security interest in the premises;

FOURTH, from the proceeds of a sale to a party other than Plaintiff, and for purposes of calculating the amount of surplus or deficiency, including if a deficiency judgment is sought, the Referee shall pay to the Plaintiff or its attorney a sum of $3,180.50 as costs and disbursements, with interest thereon from the date hereof, together with an extra allowance pursuant to N.Y. C.P.L.R. § 8303(a)(1) of $300.00 with interest thereon from the date hereof, and also the sum of $191,975.51 as the amount due under the note and mortgage together with interest at the contract rate thereon from October 16, 2025, to the date of entry of this Judgment and thereafter at the statutory rate, to the date of the sale directed herein or to the date of the delivery of the Referee's deed, whichever is later, or so much thereof as the purchase money will pay of the same;

FIFTH, that, if the Referee intends to apply for a further allowance for the Referee's fee, the Referee may leave on deposit such amount as will cover further order of the Court thereon after an application duly made;

SIXTH, from the proceeds of a sale to a party other than the Plaintiff, and for purposes of calculating the amount of surplus or deficiency, including if a deficiency judgment is sought, the Referee shall pay to the Plaintiff or its assigns, the sum found due under its mortgage as aforesaid plus interest at the contract rate, or so much thereof, as the purchase money will of the same, plus escrow advances, legal fees and disbursements thereon and that the Referee shall take an affidavit from Plaintiff or its representatives setting forth the amount due thereunder and a receipt therefore and file it with the Referee's report of sale; and

SEVENTH, that the Referee shall take receipts for the money so paid out by the Referee and file the same with the Referee's report of sale and that the Referee shall deposit the surplus money, if any, with the Albany County Clerk within five days after the same shall be received and ascertainable, to the credit of this action, to be drawn only on order of this Court, signed by a Judge thereof; and it is further

ORDERED, ADJUDGED and DECREED that the Referee shall make a report of the sale and file it with the Clerk of the Court within 30 days of completing the sale and executing the proper conveyance

to the purchaser, and that the purchaser or purchasers at such sale be let into possession upon production of the Referee's deed or deeds. If the proceeds of such sale are insufficient to pay the amount so reported due to Plaintiff and interests, costs, and allowances as aforesaid, the Referee shall specify the amount of such deficiency in the Referee's report of sale; and it is further

ORDERED, ADJUDGED and DECREED that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interests and costs as aforesaid, Plaintiff may recover from Defendants Alicia Dinovo and Michael Dinovo the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL § 1371 with 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED and DECREED that, in the case Plaintiff shall become the purchaser of the premises directed to be sold, or in the event the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to or acquired by Plaintiff and a duly executed assignment thereof in writing is filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed or deeds of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked "FIRST", "SECOND", and "THIRD", or, in lieu of the payment of those amounts, upon filing with the Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, if any, shall be allowed to Plaintiff and applied by the paragraph marked "FOURTH" above. If after so applying the amount paid there shall be a surplus over and above the amounts due to Plaintiff, Plaintiff shall pay to the Referee, upon delivery of it to the Referee's deed, the amount of such surplus, and the Referee shall then deposit the balance with such depository as herein directed; and it is further

ORDERED, ADJUDGED and DECREED that the name of the defendant sued herein as St. Peters Healthcare Services be amended to St. Peter's Health Partners as reflected within the affidavit of service upon it and that the Defendants captioned herein as "John Doe #1-12," not having been served with the Summons and Complaint, are neither necessary nor proper party defendants and the Clerk of Court is therefore directed to strike them from the caption and dismiss them from this action; and it is further

ORDERED, ADJUDGED and DECREED that the Defendants in this action, and all persons claiming under them subsequent to the filing of the notice of pendency of this action be and are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises and in each and every part thereof; and it is further

ORDERED, ADJUDGED and DECREED that the premises be sold in one parcel in "as is" physical order and condition, subject to the following: (a) the state of facts an accurate survey will show; (b) the state of facts that an inspection of the premises would disclose; (c) all covenants, restrictions, easements, agreements and reservations, rights of way, and public utility agreements of record if any, and to any violations thereof; (d) any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including but not limited to reapportionment of lot lines and vault changes, if any; (e) any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same; (f) the physical condition of any buildings or structures on the premises as of the date of the later to occur of the sale date or the transfer of title; (g) rights of tenants in possession, if any; (h) prior mortgages and judgments, if any, now liens of record; (i) right of redemption of the United States of America, if any; (j) rights of any defendants pursuant to N.Y. C.P.L.R. §§ 317, 2003, and 5015, if any; (k) any and all hazardous materials in or at the premises, including but not limited to flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and (l) other conditions as set forth in the terms of sale more particularly to be announced at the sale; and it is further

ORDERED, ADJUDGED and DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED and DECREED that if the Referee does not conduct the sale within 90 days of the date the judgment in accordance with N.Y. C.P.L.R. § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED and DECREED that, at the time of the sale, the Referee shall accept a written bid from Plaintiff or Plaintiff's attorney, just as though Plaintiff were physically present to submit such bid; and it is further

ORDERED, ADJUDGED and DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record and shall require that the successful bidder immediately execute terms of sale for the purchase of the property and pay to the Referee, in cash or certified or bank check, 10% of the sum bid, unless the successful bidder is Plaintiff, in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED and DECREED that if the purchaser or purchasers at said sale default upon the bid and/or the terms of sale, the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED and DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL § 1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED that the Albany County Clerk is hereby directed to record a copy of this judgment against the land record for the premises.

A description of the premises to be sold at auction is annexed hereto as Schedule "A."

All of the above pursuant to the order of the Honorable **Glenn T. Suddaby**, dated September 28, 2026.

DATED: September 28, 2026

John Domurad

Clerk of Court

Rose Pieklik

Rose Pieklik
Deputy Clerk

**SCHEDULE "A"**

ALL that certain plot, piece or parcel of land Situate, lying and being in the Village and Town of Colonie, Albany County, New York, shown on a certain map entitled "Subdivision of lands known and designated as Tanglewood Park Section I" made by H.E. Gilbert, surveyor, dated March 22, 1955 as Map No. 3343, as revised on August 2, 1955 and filed in the Albany County Clerk's Office on June 21, 1955 as Map No. 3343; as revised August 2, 1955 and filed August 3, 1955 as Map No. 3352 in Drawer 156, and thereon designated as Plot No. 35.

For informational purposes only

SBL# 41.16-3-15

Property Address: 6 Bauer Drive, Colonie, NY

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.